**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | Lincoln Catharine Realty Corporation |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 27-0165998 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 107   Lincoln Street<br>Number   Street | 200   Powell Place<br>Number   Street |
| | P.O. Box |
| Worcester    MA    01605<br>City    State    ZIP Code | Brentwood    TN    37027<br>City    State    ZIP Code |
| Worcester<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number   Street<br><br>City    State    ZIP Code |

5. **Debtor's website** (URL)  https://americanaddictioncenters.org

| Debtor | Lincoln Catharine Realty Corporation | Case number *(if known)* |
|---|---|---|
| | Name | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

6  2  3  2  __

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor     Lincoln Catharine Realty Corporation
_____     Case number (if known)_____
           Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____ When _____ Case number _____
                                          MM / DD / YYYY

        District _____ When _____ Case number _____
                                          MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor    See Schedule 1 attached hereto          Relationship _____

        District  Delaware                                 When _____
                                                                MM / DD / YYYY

        Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number       Street

                          _____

                          _____
                          City                          State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____

---

| **Statistical and administrative information** |

Debtor   Lincoln Catharine Realty Corporation
_____
         Name

Case number (if known)_____

13. **Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors** *

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☑ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

15. **Estimated assets** *

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

16. **Estimated liabilities** *

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/20/2020
              _____
              MM / DD / YYYY

✗   */s/ Andrew McWilliams*                          Andrew McWilliams
    _____               _____
    Signature of authorized representative of debtor   Printed name

    Title   Sole Director
            _____

---

\* Answers to Questions 14-16 are on a consolidated basis with affiliated Debtors.

| Debtor | Lincoln Catharine Realty Corporation | Case number (if known) |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✖ ___/s/ Dennis A. Meloro___

Signature of attorney for debtor

Date ___06/20/2020___

MM / DD / YYYY

Dennis A. Meloro
Printed name

Greenberg Traurig, LLP
Firm name

1007      N. Orange Street, Suite 1200
Number      Street

Wilmington                                     DE        19801
City                                           State     ZIP Code

302-661-7000                                   melorod@gtlaw.com
Contact phone                                  Email address

4435                                           DE
Bar number                                     State

Debtor    Lincoln Catharine Realty Corporation              Case number (*if known*) _____
         Name

# SCHEDULE 1 TO VOLUNTARY PETITION

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "Debtors"), that filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, contemporaneously with the filing of this petition. The Debtors filed a motion requesting joint administration.

AAC Dallas Outpatient Center, LLC
    d/b/a Greenhouse Outpatient Center
AAC Healthcare Network, Inc.
AAC Holdings, Inc.
AAC Las Vegas Outpatient Center, LLC
    d/b/a Desert Hope Outpatient Center
ABTTC, LLC
AdCare Criminal Justice Services, Inc.
AdCare Hospital of Worcester, Inc.
AdCare Rhode Island, Inc.
AdCare, Inc.
Addiction Labs of America, LLC
American Addiction Centers, Inc.
B&B Holdings Intl LLC
Behavioral Healthcare Realty, LLC
BHR Aliso Viejo Real Estate, LLC
    d/b/a Resolutions San Diego
BHR Greenhouse Real Estate, LLC
    d/b/a Resolutions Arlington
BHR Oxford Real Estate, LLC
    d/b/a Resolutions Oxford
BHR Ringwood Real Estate, LLC
    d/b/a Resolutions Franklin
Clinical Revenue Management Services, LLC
Concorde Real Estate, LLC
    d/b/a Resolutions Las Vegas
Concorde Treatment Center, LLC
    d/b/a Desert Hope Center
Diversified Healthcare Strategies, Inc.
Fitrx, LLC
Forterus Health Care Services, Inc.
Grand Prairie Professional Group, P.A.

Green Hill Realty Corporation
Greenhouse Treatment Center, LLC
    d/b/a The Greenhouse
Laguna Treatment Hospital, LLC
Las Vegas Professional Group – Calarco, P.C.
Lincoln Catharine Realty Corporation
New Jersey Addiction Treatment Center, LLC
    d/b/a Sunrise House
Oxford Outpatient Center, LLC
Oxford Professional Group, P.C.
Oxford Treatment Center, LLC
Palm Beach Professional Group,
    Professional Corporation
Pontchartrain Medical Group,
    A Professional Corporation
Recovery Brands, LLC
Recovery First of Florida, LLC
    d/b/a Recovery First
    d/b/a Recovery First Fort Lauderdale East
Referral Solutions Group, LLC
RI - Clinical Services, LLC
River Oaks Treatment Center, LLC
Sagenex Diagnostics Laboratory, LLC
San Diego Addiction Treatment Center, Inc.
San Diego Professional Group, P.C.
Singer Island Recovery Center LLC
Sober Media Group, LLC
Solutions Treatment Center, LLC
    d/b/a Solutions Recovery
Taj Media LLC
The Academy Real Estate, LLC
Tower Hill Realty, Inc.

**OMNIBUS RESOLUTIONS OF THE
DIRECTORS, MANAGERS OR MEMBERS,
AS APPLICABLE, OF
THE SUBSIDIARIES OF
AAC HOLDINGS, INC.**

**June 17, 2020**

The undersigned, being the sole director, sole manager or sole member, as applicable (each, a "Governing Body"), of each of the subsidiaries of AAC Holdings, Inc., a Nevada corporation ("Parent"), listed on Annexes A, B, C, D, E, and F attached hereto and made a part hereof (each, a "Company" and collectively, the "Companies"), hereby take the following actions and adopt the following resolutions, pursuant to (as applicable) the bylaws, limited liability company agreement, or similar document of each Company (in each case as amended, restated, supplemented, or otherwise modified from time to time, the "Governing Documents") and the laws of the state of each Company's incorporation or organization, as applicable:

**WHEREAS**, each Governing Body has considered presentations by each Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business, and each Governing Body has had the opportunity to consult with each Company's Management and Advisors and fully consider each of the strategic alternatives available to each Company;

**WHEREAS**, each Governing Body has determined that it is desirable and in the best interests of each Company, its creditors, and other parties in interest that each Company be authorized to file or cause to be filed a voluntary petition for relief (each, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware or in any other court of competent jurisdiction (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be necessary, appropriate, or desirable under applicable law in the United States;

**WHEREAS**, each Governing Body has determined that it is desirable and in the best interests of each Company, its creditors, and other parties in interest that each Company retain and appoint professionals, as necessary, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, with a view to the successful prosecution of the Chapter 11 Cases;

**WHEREAS**, each Governing Body has determined that it is desirable and in the best interests of each Company that each Company enter into a multi-draw superpriority senior secured priming debtor-in-possession term loan credit facility to be provided by certain lenders (the "DIP Lenders") to Parent, as borrower (the "DIP Facility"), with the Companies as guarantors under the DIP Facility;

**WHEREAS**, each Governing Body has determined that it is desirable and in the best interests of each Company that each Company have access to the use of cash collateral, as defined in section 363(a) of the Bankruptcy Code (as defined below) (the "Cash Collateral")

which is security for certain prepetition secured lenders (the "Prepetition Lenders") party to (a) that certain Credit Agreement dated as of March 8, 2019, as amended, restated, supplemented, or otherwise modified from time to time, by and among the lenders party thereto, Ankura Trust Company, LLC, as administrative agent and collateral agent, and Parent, as borrower, with the Companies as guarantors and (b) that certain Credit Agreement dated as of June 30, 2017, as amended, restated, supplemented, or otherwise modified from time to time, by and among the lenders party thereto, Ankura Trust Company, LLC, as administrative agent and collateral agent, and Parent, as borrower, with the Companies as guarantors, and that each Company provide adequate protection to such Prepetition Lenders for the use of any Cash Collateral;

**WHEREAS**, each Governing Body has determined that it is desirable and in the best interests of each Company that each Company enter into a Restructuring Support Agreement (as amended, restated, supplemented, or otherwise modified from time to time, the "Restructuring Support Agreement") with certain lenders;

**WHEREAS**, each Governing Body has determined that it is desirable and in the best interests of each Company that each Company appoint a chief restructuring officer to assist each Company with the successful prosecution of its Chapter 11 Case; and

**WHEREAS**, each Governing Body has determined that it is desirable and in the best interests of each Company to take the following actions and adopt the following resolutions.

## I.  CHAPTER 11 FILING

**NOW, THEREFORE, BE IT RESOLVED**, that the Chief Executive Officer, Chief Financial Officer, CRO (as defined below), General Counsel, President, any Vice President, any other duly appointed officer of each Company, and any director, manager, or member of each Company (each, an "Authorized Person" and collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to file or cause to be filed the Chapter 11 Cases under the provisions of the Bankruptcy Code in the Bankruptcy Court;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to negotiate, execute, deliver, file, and record all petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents (collectively, the "Chapter 11 Documents"), and to take any and all action such Authorized Person determines to be necessary, appropriate, or desirable in connection with the Chapter 11 Cases (including, without limitation, to pay fees, expenses, and taxes and to take any action to maintain the ordinary course operation of each Company's business) (any such determination to be conclusively evidenced by the taking of any such action by such Authorized Person);

ACTIVE 50961372v2

## II.   **RETENTION OF PROFESSIONALS**

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to employ the law firm of Greenberg Traurig, LLP, as each Company's counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations, including filing any Chapter 11 Documents, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Greenberg Traurig, LLP, in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to employ the firm of Chipman Brown Cicero & Cole, LLP ("Chipman"), as conflicts counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and, in connection therewith, each Authorized Person is, with power of delegation, hereby authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Chipman in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to employ the firm of Cantor Fitzgerald, as each Company's investment banker, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and, in connection therewith, each of the Authorized Persons is, with power of delegation, hereby authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Cantor Fitzgerald in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to employ Donlin, Recano & Company, Inc., as the notice, claims, and balloting agent and the administrative advisor (collectively, the "Claims Agent") to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the Claims Agent in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to employ any other professionals to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as such Authorized Person determines is necessary, appropriate, or desirable (including, without limitation, special counsel to the extent determined necessary, appropriate, or desirable), (any such determination to be conclusively evidenced by the taking of any such action by such Authorized Person);

## III.   DIP FACILITY

**FURTHER RESOLVED**, that the form, terms, and provisions of that certain Senior Secured Super-Priority Debtor-in-Possession Credit Agreement (as amended, restated, supplemented, or otherwise modified from time to time, the "DIP Credit Agreement"), by and among the DIP Lenders, Ankura Trust Company, LLC, as administrative agent and collateral agent for the DIP Lenders (the "DIP Agent"), Parent, as borrower, and the Companies, as guarantors, are hereby authorized and approved in the form presented to each Governing Body, with such other changes as any Authorized Person executing and delivering the same shall determine are necessary, appropriate, or desirable (any such determination to be conclusively evidenced by such Authorized Person's execution and delivery thereof);

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to negotiate, execute, deliver, file, and record the DIP Credit Agreement and such other definitive agreements, documents, and instruments (including, without limitation, the related notes, security agreements, collateral agreements, pledge agreements, control agreements, guarantees, and mortgages) as are, in each case, determined by such Authorized Person to be necessary, appropriate, or desirable to effectuate the DIP Facility (any such determination to be conclusively evidenced by such Authorized Person's execution and delivery thereof) or as are otherwise required by the DIP Lenders or the DIP Agent (such agreements, documents, and instruments, together with the DIP Credit Agreement, the "DIP Loan Documents");

**FURTHER RESOLVED**, that the consummation of the transactions contemplated by the DIP Loan Documents (including the Parent's borrowing of loans thereunder, the Companies' guaranty of the Parent's obligations thereunder, and the Companies' grant of a security interest in all or substantially all of their assets in favor of the DIP Agent to secure the obligations thereunder), and the performance of the Companies' obligations under the DIP Loan Documents, are hereby authorized and approved;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its

4

capacity as a member of any Company, to take all such further actions (including, without limitation, to pay all fees and expenses in accordance with the terms of the DIP Loan Documents) which such Authorized Person shall determine are necessary, appropriate, or desirable to perform each Company's obligations under or in connection with the DIP Loan Documents and to carry out fully the purposes of the foregoing resolutions (any such determination to be conclusively evidenced by such Authorized Person's taking such further action);

## IV.    CASH COLLATERAL

**FURTHER RESOLVED**, that each Company, as a debtor and debtor-in-possession under the Bankruptcy Code, is authorized, empowered, and directed to provide adequate protection to the Prepetition Lenders for the use of the Cash Collateral, including by granting a security interest in all or substantially all of such Company's assets to the Prepetition Lenders to secure the obligations incurred in respect of such adequate protection;

## V.    RESTRUCTURING SUPPORT AGREEMENT

**FURTHER RESOLVED**, that the form, terms, and provisions of the Restructuring Support Agreement are hereby authorized and approved in the form presented to each Governing Body, with such other changes as any Authorized Person executing and delivering the same shall determine are necessary, appropriate, or desirable (any such determination to be conclusively evidenced by such Authorized Person's execution and delivery thereof);

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to negotiate, execute, deliver, file, and record the Restructuring Support Agreement and such other definitive agreements, documents, and instruments as are, in each case, determined by such Authorized Person to be necessary, appropriate, or desirable (any such determination to be conclusively evidenced by such Authorized Person's execution and delivery thereof) (such agreements, documents, and instruments, together with the Restructuring Support Agreement, the "RSA Documents");

**FURTHER RESOLVED**, that the consummation of the transactions contemplated by the RSA Documents, and the performance of the Companies' obligations under the RSA Documents, are hereby authorized and approved;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to take all such further actions which such Authorized Person shall determine are necessary, appropriate, or desirable to perform each Company's obligations under or in connection with the RSA Documents and to carry out fully the purposes of the foregoing resolutions (any such determination to be conclusively evidenced by such Authorized Person's taking such further action);

ACTIVE 50961372v2

## VI.    APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

**FURTHER RESOLVED**, that Jette Campbell of Carl Marks Advisors shall be, and hereby is, appointed by each Governing Body as each Company's chief restructuring officer ("CRO") with the CRO serving as an officer of each Company reporting to the applicable Governing Body (including on all aspects of the Chapter 11 Cases), with full power to take all actions that would be customary for one serving in the capacity of a chief restructuring officer, including, without limitation, to negotiate, execute, deliver, file, and record any Chapter 11 Documents for the Chapter 11 Cases and to approve, direct, and/or initiate disbursements in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, and, in connection therewith, each of the Authorized Persons is, with power of delegation, hereby authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to execute appropriate agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ the CRO in accordance with applicable law;

## VII.    GENERAL

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to negotiate, execute, deliver, file, and record any amendments, restatements, supplements, or other modifications to the Chapter 11 Documents, DIP Loan Documents, RSA Documents, and all other agreements, documents, and instruments contemplated by these resolutions which such Authorized Person shall determine are necessary, appropriate, or desirable (any such determination to be conclusively evidenced by such Authorized Person's execution and delivery thereof);

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon each Authorized Person, such Authorized Person (and such Authorized Person's designees and delegates) be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to take or cause to be taken any and all such other and further action, and to negotiate, execute, deliver, file, and record any and all such agreements, documents, and instruments, and to pay all expenses and fees (including but not limited to filing fees) in each case as in such Authorized Person's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions adopted herein (any such action to be conclusive evidence that such person deemed the same to meet such standard);

**FURTHER RESOLVED**, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents of each Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, which acts would have been approved

by the foregoing resolutions except that such acts, actions, or transactions were taken or consummated before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, action, or transaction had been specifically authorized in advance by resolution of each Governing Body; and

**FURTHER RESOLVED**, that this written consent may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one document, and that a facsimile or other electronic copy of written consent shall be deemed an original and any person may rely upon a facsimile or other electronic copy of this written consent in determining the validity of the actions taken by each Governing Body hereunder.

ACTIVE 50961372v2

**IN WITNESS WHEREOF**, the undersigned, have executed this written consent as of the date first written above for the purposes of evidencing their consent for the taking of the foregoing actions without a meeting and their affirmative vote in favor of the taking of the foregoing actions.

**THE SOLE DIRECTOR**
of each Company listed on <u>Annex A</u>:

_____
Andrew McWilliams

**THE SOLE MANAGER**
of each Company listed on <u>Annex B</u>:

_____

Andrew McWilliams

**THE SOLE MEMBER**
of each Company listed on <u>Annex C</u>:

American Addiction Centers, Inc.

By: _____
Name:  Andrew McWilliams
Title:  Sole Director


**THE SOLE MEMBER**
of each Company listed on <u>Annex D</u>:

Sober Media Group, LLC

By: _____
Name:  Andrew McWilliams
Title:  Sole Manager


**THE SOLE MEMBER**
of each Company listed on <u>Annex E</u>:

Referral Solutions Group, LLC
By:  Sober Media Group, LLC, its sole member

By: _____
Name:  Andrew McWilliams
Title:  Sole Manager


**THE SOLE MEMBER**
of each Company listed on <u>Annex F</u>:

Behavioral Healthcare Realty, LLC

By: _____
Name:  Andrew McWilliams
Title:  Sole Manager

**ANNEX A**

| COMPANY | JURISDICTION |
|---|---|
| AAC Healthcare Network, Inc. | Delaware |
| AdCare Criminal Justice Services, Inc. | Massachusetts |
| AdCare Hospital of Worcester, Inc. | Massachusetts |
| AdCare, Inc. | Massachusetts |
| AdCare Rhode Island, Inc. | Rhode Island |
| American Addiction Centers, Inc. | Nevada |
| Diversified Healthcare Strategies, Inc. | Massachusetts |
| Forterus Health Care Services, Inc. | Delaware |
| Green Hill Realty Corporation | Massachusetts |
| Lincoln Catharine Realty Corporation | Massachusetts |
| San Diego Addiction Treatment Center, Inc. | Delaware |
| Tower Hill Realty, Inc. | Rhode Island |

**ANNEX B**

| COMPANY | JURISDICTION |
|---------|--------------|
| Addiction Labs of America, LLC | Delaware |
| B&B Holdings Intl LLC | Florida |
| Behavioral Healthcare Realty, LLC | Delaware |
| BHR Aliso Viejo Real Estate, LLC | Delaware |
| BHR Greenhouse Real Estate, LLC | Texas |
| BHR Oxford Real Estate, LLC | Delaware |
| BHR Ringwood Real Estate, LLC | Delaware |
| Concorde Real Estate, LLC | Nevada |
| Concorde Treatment Center, LLC | Nevada |
| Greenhouse Treatment Center, LLC | Texas |
| Laguna Treatment Hospital, LLC | Delaware |
| New Jersey Addiction Treatment Center, LLC | Delaware |
| Oxford Outpatient Center, LLC | Delaware |
| Oxford Treatment Center, LLC | Delaware |
| Recovery First of Florida, LLC | Delaware |
| RI – Clinical Services, LLC | Delaware |
| River Oaks Treatment Center, LLC | Delaware |
| Sagenex Diagnostics Laboratory, LLC | Delaware |
| Singer Island Recovery Center, LLC | Florida |
| Sober Media Group, LLC | Delaware |
| Solutions Treatment Center, LLC | Delaware |

**ANNEX C**

| COMPANY | JURISDICTION |
|---|---|
| AAC Dallas Outpatient Center, LLC | Delaware |
| AAC Las Vegas Outpatient Center, LLC | Delaware |
| ABTTC, LLC | California |
| Clinical Revenue Management Services, LLC | Tennessee |
| Fitrx, LLC | Tennessee |

**ANNEX D**

| COMPANY | JURISDICTION |
|---|---|
| Referral Solutions Group, LLC | California |
| Taj Media, LLC | California |

## ANNEX E

| COMPANY | JURISDICTION |
|---|---|
| Recovery Brands, LLC | California |

**ANNEX F**

| COMPANY | JURISDICTION |
|---|---|
| The Academy Real Estate, LLC | Delaware |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LINCOLN CATHARINE REALTY<br>CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-_____  (___)<br><br>(Joint Administration Pending) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

1.    AdCare, Inc. owns 100% of Lincoln Catharine Realty Corporation's issued and outstanding common stock.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2"><strong>Debtor name:</strong> AAC Holdings, Inc., et al.</td></tr>
<tr><td colspan="2"><strong>United States Bankruptcy Court for the:</strong> District of Delaware</td></tr>
<tr><td colspan="2"><strong>Case number (if known):</strong> 20-_____</td></tr>
</table>

☐ Check if this is an
amended filing

<u>Official Form 204</u>

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders*

**12/15**

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BANK OF AMERICA, N.A. 222 2nd Ave. S Nashville TN 37201 | Kirk Porter kirk.porter@bofa.com Tel: (615) 727-2213 | Bank Loan | ☑ C ☐ U ☐ D | | | $10,000,000.00[1] |
| 2 | ADCARE HOLDING TRUST 100 Front Street Worcester MA 01608 | David Hillis c/o Andrew B. O'Donnell, Esq. aodonnell@mirickoconnell.com Tel: (508) 929-1636 Fax: (508) 983-6284 | Promissory Note | ☐ C ☐ U ☐ D | | | $8,133,567.34[2] |
| 3 | KING & SPALDING LLP 1180 Peachtree St NE 38th Floor Atlanta GA 30309 | Patrick Scaife pscaife@kslaw.com Tel: (404) 572-5020 | Legal Fees | ☐ C ☐ U ☐ D | | | $1,596,501.77 |
| 4 | CONNECTICUT GENERAL LIFE INSURANCE CO. / CIGNA HEALTH AND LIFE INSURANCE CO. c/o CIGNA Behavioral Health 900 Cottage Grove Rd. W3SIU Bloomfield CT 06002 | Michael D. Goldfarb, Esq., AHFI Michael.Goldfarb@Cigna.com Tel: (860) 226-3628 Fax: (860) 226-4692 | Settlement | ☐ C ☐ U ☐ D | | | $1,448,015.00 |
| 5 | MEDEQUITIES REALTY TRUST, INC c/o Omega Healthcare Investors Inc. 303 International Circle Ste 200 Hunt Valley MD 21030 | Yuliya Lurie ylurie@omegahealthcare.com Tel: (410) 427-1730 | Lease | ☐ C ☐ U ☐ D | | | $1,314,610.08 |
| 6 | COLLECT RX, INC 6720 Rockledge Dr Tower B Ste 600 Bethesda MD 20817 | Joseph Esparraguera joee@collectrx.com Tel: (240) 403-2589 | Settlement | ☐ C ☐ U ☐ D | | | $800,000.00 |

**\* On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtor with respect to all or any portion of the claims contained herein. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.**

Debtor  **AAC Holdings, Inc., et al.**                                    Case number *(if known)* **20-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | AMERICAN EXPRESS<br>20500 Belshaw Ave<br>Carson CA 90746 | Brice B. Curtis<br>brice.b.curtis@aexp.com<br>Tel: (623) 492-7122 | Credit Card | ☐ C<br>☐ U<br>☐ D | | | $747,229.84 |
| 8 | BPL LLC<br>4176 Derby Dr.<br>Davie FL 33330 | Bernard Pierre-Louis<br>bernardlouis45@aol.com | Lease | ☑ C<br>☐ U<br>☑ D | | | $556,000.00 |
| 9 | BECKMAN COULTER INC<br>250 S Kraemer Blvd<br>Brea CA 92821 | Stephanie Teh<br>steh@beckman.com<br>Tel: (800) 526-3821 (option 5) | Trade Debt | ☐ C<br>☐ U<br>☑ D | | | $545,403.04 |
| 10 | TARRANT COUNTY TAX ASSESSOR-COLLECTOR<br>100 E. Weatherford<br>Fort Worth TX 76196 | Wendy Burgess<br>taxoffice@tarrantcounty.com<br>Tel: (817) 884-1100 | Taxes | ☐ C<br>☐ U<br>☐ D | | | $529,017.00 |
| 11 | KDLR LLC<br>P.O. Box 249<br>Enterprise UT 84725 | Justin Seegmiller<br>justin@kerryholtfarms.com<br>Tel: (435) 619-0637 | Lease | ☑ C<br>☐ U<br>☑ D | | | $528,003.04 |
| 12 | IBM / BLUE WOLF<br>201 17th St. NW #430<br>Atlanta GA 30363 | Austin Willett<br>austin.willett@bluewolfgroup.com<br>Tel: (404) 445-6682 | Trade Debt | ☐ C<br>☐ U<br>☑ D | | | $500,000.00 |
| 13 | ZURICH AMERICAN INSURANCE COMPANY<br>1299 Zurich Way<br>Schaumburg IL 60196 | Karen Anderson<br>karen.anderson@zurichna.com<br>Tel: (847) 762-7407 | Actuarial Accrual | ☑ C<br>☑ U<br>☐ D | | | $409,780.00 |
| 14 | HILLSBOROUGH COUNTY TAX COLLECTOR<br>P.O. Box 30012<br>Tampa FL 33630-3012 | Doug Belden<br>Tel: (813) 635-5200 | Taxes | ☐ C<br>☐ U<br>☐ D | | | $332,632.00 |
| 15 | WALLER LANSDEN DORTCH & DAVIS, LLP<br>511 Union Street<br>Ste 2700<br>Nashville TN 37219 | Theresa Milburn-Watson<br>theresa.milburn@wallerlaw.com<br>Tel: (615) 850-8587 | Legal Fees | ☐ C<br>☐ U<br>☐ D | | | $319,759.00 |
| 16 | LAFAYETTE COUNTY TAX COLLECTOR<br>300 N Lamar<br>Ste 103<br>Oxford MS 38655 | Sylvia Baker<br>sbaker@lafayettecoms.com<br>Tel: (662) 234-6006 | Taxes | ☐ C<br>☐ U<br>☐ D | | | $311,658.61 |
| 17 | BOROUGH OF RINGWOOD - TAX COLLECTOR<br>60 Margaret King Ave<br>Ringwood NJ 07456 | Tel: (973) 475-7148 | Taxes | ☐ C<br>☐ U<br>☐ D | | | $302,060.74 |

Debtor    **AAC Holdings, Inc., et al.**          Case number *(if known)* **20-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | THE ULTIMATE SOFTWARE GROUP, INC P.O. Box 930953 Atlanta GA 31193-0953 | Melinda Bernard Tel: (954) 400-6268 | Trade Debt | ☐ C ☐ U ☐ D | | | $272,114.48 |
| 19 | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS P.O. Box 149359 Austin TX 78714-9359 | Glenn Hegar Tel: (877) 447-2834 | Taxes | ☐ C ☐ U ☐ D | | | $269,040.57 |
| 20 | DELOITTE TAX LLP 1033 Demonbreun St Ste 400 Nashville TN 37203 | April Kitchin apkitchin@deloitte.com Tel: (615) 313-4361 | Professional Fees | ☐ C ☐ U ☐ D | | | $259,799.33 |
| 21 | SAN DIEGO K4 LLC 831 S. Lake St. Los Angeles CA 90057 | Elliot Zemel c/o Adam Mindle amindle@greystonelawgroup.com Tel: (213) 867-2079 Fax: (213) 867-2144 | Lease | ☐ C ☐ U ☐ D | | | $255,089.29 |
| 22 | B PATT DBA GO FISH DIGITAL 324 South Wilmington St #412 Raleigh NC 27601 | Dan Hinckley dhinckley@gofishdigital.com Tel: (703) 638-4138 | Trade Debt | ☐ C ☐ U ☐ D | | | $253,472.00 |
| 23 | BEASLEY MEDIA GROUP 55 William T. Morrissey Blvd. Boston MA 02125 | Adam Moscatel adam.moscatel@bbgi.com Tel: (727) 563-8858 | Trade Debt | ☐ C ☐ U ☐ D | | | $227,150.00 |
| 24 | EARLYSENSE INC. 135 Beaver St Ste 307 Waltham MA 02452 | James Harris james.harris@earlysense.com Tel: (781) 373-3228 | Trade Debt | ☐ C ☐ U ☐ D | | | $221,763.43 |
| 25 | SIEMENS HEALTHCARE DIAGNOSTICS INC 3090 Premiere Parkway Duluth GA 30097 | Lucy Raos lucy.raos@siemens-healthineers.com Tel: (844) 789-5025 | Trade Debt | ☐ C ☐ U ☐ D | | | $213,665.69 |
| 26 | O.A. PETERSON CONSTRUCTION CO INC 78 North Willow St Montclair NJ 07042 | c/o Elizabeth M. Andes, Esq. ema@mcandrewvuotto.com Tel: (973) 538-6308 | Trade Debt | ☐ C ☐ U ☑ D | | | $208,308.53 |
| 27 | SALESFORCE.COM INC P.O. Box 203141 Dallas TX 75320-3141 | Eduardo Perez eduardoperez@salesforce.com Tel: (415) 901-8457 | Trade Debt | ☐ C ☐ U ☐ D | | | $203,155.56 |
| 28 | PROSKAUER ROSE LLP Eleven Times Square New York NY 10036 | Charise Blue cblue@proskauer.com Tel: (212) 969-5615 | Legal Fees | ☐ C ☐ U ☐ D | | | $192,711.00 |
| 29 | CIT FINANCE 10201 Centurion Pkwy N. Ste 100 Jacksonville FL 32256 | Attn. Bankruptcy Management | Equipment Leases | ☐ C ☐ U ☐ D | | | $191,625.87 |

Debtor    **AAC Holdings, Inc., et al.**    Case number *(if known)* **20-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 | AETNA PO Box 14079 Lexington KY 40512 | Aetna Inc. Attn: Legal Department 151 Farmington Avenue Hartford, CT 06156 Tel: (800) 872-3862 | Settlement | ☐ C ☐ U ☐ D | | | $186,624.91 |

[1]AAC received these funds under the Paycheck Protection Program established by section 1102 of the Coronavirus Aid, Relief, and Economic Security Act. AAC expects the loan to be forgiven in compliance with the statute.

[2]Certain beneficiaries of the AdCare Holding Trust may be insiders of AAC.

**Fill in this information to identify the case and this filing:**

Debtor Name __Lincoln Catharine Realty Corporation__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/20/2020__          ✘ */s/ Andrew McWilliams*
MM / DD / YYYY          Signature of individual signing on behalf of debtor

          Andrew McWilliams
          Printed name

          Sole Director
          Position or relationship to debtor